UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Urszula D. Szarejko Gnoinska,                     Civil No. 12-947 (PAM/SER)

              Plaintiff,

v.                                           **MEMORANDUM AND ORDER**

Messerli & Kramer, P.A. and
Steve Doe, individually,

              Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Urszula Gnoinska owed a debt to Capital One Bank. Capital One ultimately retained Defendant Messerli & Kramer, P.A. to collect on that debt. In December 2011, Messerli sued Gnoinska in state court for repayment of the debt. Gnoinska was properly served with the Complaint and Summons, which were signed by Jefferson Pappas of Messerli.

Gnoinska disagreed with the debt amount stated in the Complaint and began to draft her Answer. On February 13, 2012, Gnoinska called Pappas' office to let him know that he would receive her Answer the following week. (Am. Compl. ¶¶ 16-17.) When she asked to speak with Pappas, the operator transferred her to Defendant Steve Doe. (Id. ¶ 18.) Doe told her that she could not talk to Pappas because "that's not how we do things here," and

demanded that she tell him her social security number.  (Id. ¶¶ 21-22.)  Gnoinska refused to do so and Doe hung up on her.  (Id. ¶ 24.)  Gnoinska called back again 30 minutes later and asked for Pappas.  (Id. ¶¶ 25-26.)  She was again transferred to Doe who asked her in a sarcastic tone if she was ready to give him her social security number.  (Id. ¶¶ 27-28.)  Gnoinska gave Doe her social security number and asked to speak with Pappas.  (Id. ¶ 29.)  Doe said that debtors "don't get to talk to the lawyers" and asked her if she was going to resolve her debt.  (Id. ¶¶ 30-31.)  When she again asked to speak to Pappas, Doe said no and then asked in a hostile tone whether she was going to "rip them off."  (Id. ¶¶ 32-33.)  Gnoinska then asked Doe to tell Pappas that she would send her Answer later that week, to which Doe responded that he would tell Pappas that she was unwilling to resolve the debt that day.  (Id. ¶¶ 37-38.)  Gnoinska denied that she was unwilling to resolve the debt that day and Doe became argumentative and insisted that she was unwilling to resolve the debt.  (Id. ¶¶ 37, 40.)  At that point, Gnoinska hung up.  (Id. ¶ 41.)  Gnoinska served her Answer the next day.  (Id. ¶ 42.)  The state court case is still ongoing.

Gnoinska claims that the above alleged actions violated three provisions of the Fair Debt Collection Practices Act:  15 U.S.C. §§ 1692d, 1692e, and 1692f.  Gnoinska alleges that Doe's conduct caused her "great anxiety and mental distress."

**DISCUSSION**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  The Court must construe the factual allegations in the complaint and

reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**A.      § 1692d**

Section 1692(d) is limited to addressing conduct that has "the natural consequence of harassing, oppressing, or abusing a debtor." 15 U.S.C. § 1692d. "[A]lthough the question of 'whether conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury, . . . Congress has indicated its desire for the courts to structure the confines of § 1692d.'" Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 799 (D. Minn. 2009) (Schiltz, J.) (quoting Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330 (6th Cir. 2006)).

The standard on a Motion to Dismiss is not merely whether the allegations could amount to a claim, but whether the allegations plausibly state a claim. Gnoinska bases her claim on: (1) Doe's unwillingness to put her in contact with Pappas; (2) Doe's alleged statements that she would not be able to speak with Pappas and that he believed that she was unwilling to resolve the debt, and (3) Doe's question as to whether she was going "to rip them off." According to Gnoinska, Doe's statements made her feel threatened, oppressed, and hopeless.

3

"Section 1692d is meant to provide a remedy for harassment, oppression, and abuse, not for bad manners." Id. at 799.  Under the facts alleged in the Complaint, it appears that Doe did not treat Gnoinska with the utmost kindness and respect, but that does not mean that his words were harassing, oppressive, or abusive as required by the FDCPA.  Section 1692d provides the following specific examples of what constitutes oppressive, harassing, or abusive behavior:  threatening violence or criminal means, the use of obscene or profane language, the publication of a list of consumers with debt, the advertisement for sale of any debt to coerce the payment of the debt, and repeatedly calling the debtor in a harassing manner.

Doe's alleged rudeness and obstinance were not in kind with these examples and, in fact, pale in comparison.  This Court has dismissed cases under similar circumstances.  See Gallagher, 645 F. Supp. 2d. at 799 (finding no violation of § 1692d where there was "no [] conduct—no profanities, no name calling, no insults, no unwanted calls, no disclosure of private information to third parties, nothing—that could reasonably be deemed harassing, oppressive, or abusive"); Reeves v. Messerli & Kramer, P.A., No. 11cv729, 2012 WL 926063, at *4 (D. Minn. Mar. 16, 2012) (Ericksen, J.) (finding no violation of § 1692d when defendant "did not threaten violence, use profanity, or demean Plaintiff, nor did it publish Plaintiff's name or advertise to sell his debt"); see also Bassett v. I.C. Sys., Inc., 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010) (holding that calling debtor a liar did not violate § 1692d); Guajardo v. GC Servs., No. H-08-119, 2009 WL 3715603 (S.D. Tex. Nov. 3, 2009) (calling debtor a liar and saying "I can tell the kind of life you live by the fact that you don't pay your

bills on time" does not constitute a violation of § 1692d). Gnoinska's claim under § 1692d fails as a matter of law.

**B.     § 1692e**

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "any false representation or deceptive means to collect or to attempt to collect any debt. 15 U.S.C. § 1692e(10). "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009).

Gnoinska contends that Doe (and by extension Messerli) violated this provision by telling her that debtors "don't get to talk to the lawyers." She says that it is misleading because it would lead a debtor to give up and not seek fair resolution of the debt. In her case, however, that appears not to have happened; Gnoinska filed her Answer the day after her calls with Doe. Even if the statement could somehow generally be deemed to be material, it was not material in this case.

Gnoinska also claims that Doe's statements that he would tell Pappas that she was unwilling to resolve the debt violated § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." That section plainly is designed to deter creditors from conveying or threatening to convey false information to third parties. Here, Doe, a representative of Messerli, simply

5

stated that he would tell another Messerli representative that Gnoinska would not resolve the debt that day.  (Am. Compl. ¶¶ 37-38.)   This conduct, even if true, does not violate § 1692e(8).

**C.    § 1692f**

The FDCPA also prohibits debt collectors from using "unfair and unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.  A claim under this section is deficient if it fails to show any improper debt collection activity other than the misconduct claimed to have violated other FDCPA provisions.  Baker v. Allstate Fin. Servs., 554 F. Supp. 2d 945, 953-54 (D. Minn. 2008) (Ericksen, J.).  This claim is based on the same conduct discussed above and is therefore deficient as a matter of law.  Moreover, Gnoinska has not alleged unconscionable conduct by Defendants.  Messerli filed suit in state court to collect on the debt.  There is nothing improper or unconscionable about such means of debt recovery.

**CONCLUSION**

Plaintiff Urszula Gnoinska has failed to state a claim under the FDCPA. Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 8) is **GRANTED**; and

2. Plaintiff's Amended Complaint (Docket No. 5) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: <u>November 1, 2012</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge